302 Ga. 1
FINAL COPY

S17Y1780. IN THE MATTER OF FINCOURT BRAXTON SHELTON.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel of the State Bar, recommending that respondent Fincourt Braxton Shelton (State Bar No. 771101) be suspended for four years as substantially similar reciprocal discipline, following his receipt of a suspension pursuant to order of the Pennsylvania Supreme Court. Shelton, who has been a member of the State Bar of Georgia since 2007, acknowledged service of the notice of reciprocal discipline, filed pursuant to Rule 9.4 (b) of the Georgia Rules of Professional Conduct, as set forth in Bar Rule 4-102 (d), and filed a response, to which he attached a filing he submitted in a reciprocal discipline proceeding in the United States District Court for the Eastern District of Pennsylvania, which proceeding arose in response to the same four-year suspension that prompted this disciplinary matter. The Bar replied, attaching materials from the Pennsylvania disciplinary proceeding that led to his

suspension.

Shelton's Pennsylvania suspension was based on his conduct in two unrelated client matters. In one matter, the Disciplinary Board of the Supreme Court of Pennsylvania found that Shelton made material misrepresentations in court documents, mishandled funds that had been entrusted to him, labored under a significant conflict of interest, committed a breach of his fiduciary duties, and engaged in extreme incompetence. In the other matter, Shelton persistently misrepresented the identity of a party in filed pleadings, acted without the consent of his client, filed inaccurate and false documents, and disbursed funds without authority to do so. In the Pennsylvania disciplinary proceeding, Shelton failed to file a response to the petition for discipline filed by that state's Office of Disciplinary Counsel. Shelton did, however, participate in a hearing before a three-member hearing committee, which concluded that Shelton had committed the violations of which he was accused. After that finding was reviewed and approved by the Disciplinary Board, the matter proceeded to the Pennsylvania Supreme Court, which ordered that Shelton be suspended for four years.

The Review Panel considered Shelton's objections to the imposition of

reciprocal discipline, first finding to be without merit Shelton's arguments that he was deprived of due process because he was denied oral argument before the Pennsylvania Supreme Court, because the Disciplinary Board was not an impartial body, and because the Disciplinary Board simply accepted as true the allegations against him. The Review Panel noted that Shelton was clearly provided with notice and an opportunity to be heard, as he was provided with notice through service of the petition for discipline, to which he failed to respond, and as he participated in the hearing before the hearing committee and was allowed to file a brief before the Supreme Court. The Review Panel further noted that the Pennsylvania disciplinary rules dictate that Disciplinary Board members who investigate attorney misconduct are precluded from further participation in that matter, such that there was no basis upon which to suspect that there had been a lack of impartiality. The Review Panel next considered and rejected Shelton's argument that there was a lack of evidence supporting the findings of misconduct in the Pennsylvania proceedings, finding that the record of those proceedings supported the conclusions reached by the Pennsylvania disciplinary authorities. Finally, the Review Panel considered Shelton's objection that the imposition of discipline would result in a "grave injustice,"

see Rule 9.4 (b) (3) (iii), as it would leave an innocent party without legal representation, but rejected that argument, as Shelton had failed to present evidence in support of that assertion and had failed to present any authority in support of his assertion that depriving a client of its chosen counsel due to that counsel's suspension would constitute a grave injustice within the meaning of the rule. Finding that Shelton had failed to prove the existence of any element under Rule 9.4 (b) (3) to support the imposition of discipline other than that imposed in Pennsylvania, the Review Panel recommended that Shelton be suspended for four years and until such time as he has been readmitted to practice in Pennsylvania.

Having reviewed the record, this Court agrees with the Review Panel's recommendation that a four-year suspension is the appropriate sanction in this reciprocal discipline matter. Accordingly, we direct that Fincourt Braxton Shelton be suspended from the practice of law in the State of Georgia for four years. At the conclusion of the suspension imposed in this matter, if Shelton wishes to seek reinstatement, he must offer proof to the State Bar's Office of General Counsel that he has been reinstated to the practice of law in Pennsylvania. If the State Bar agrees that this condition has been met, the State

Bar will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement.

Shelton is reminded of his duties under Bar Rule 4-219 (c).

<u>Four-year suspension with conditions for reinstatement. All the Justices concur.</u>

Decided August 28, 2017.

Suspension.

Paula J. Frederick, General Counsel State Bar, Wolanda R. Shelton, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.